**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

WILLIAM GRECIA,

      Plaintiff,

           v.

THE BANK OF NEW YORK MELLON
CORPORATION,

      Defendant.

-------------------------------------------------------x

                        **COMPLAINT**


              **JURY TRIAL DEMANDED**

William Grecia brings this patent-infringement action against The Bank of New York Mellon Corporation (hereinafter, "BNY Mellon").

### Parties

1.     William Grecia is an individual. He maintains a residence in Downingtown, Pennsylvania.

2.     BNY Mellon is a national banking association, having a principal place of business in New York, New York.

### Jurisdiction and Venue

3.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court may exercise personal jurisdiction over BNY Mellon. BNY Mellon

-1-

conducts continuous and systematic business in New York and in this District. BNY Mellon maintains corporate offices in this District. This patent-infringement case arises directly from BNY Mellon's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over BNY Mellon would be consistent with traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b).

## Claim Construction

7.      On September 8, 2018, the Court (Sullivan, J.) entered an order construing claim terms set forth in the patent-in-suit. *Grecia v. Mastercard Int'l Inc.*, Case No. 15-cv-9059 (RJS) (S.D.N.Y. Sept. 8, 2018) (Doc. 89). "Cloud digital content" means "data capable of being processed by a computer." (*Id.* at 11.) "Verified web service" means "a web service that is used to authenticate the identity of a user or device." (*Id.* at 12.) "Verification token" means "data that represents permission to access digital media or cloud digital content." (*Id.* at 15.)

## Infringement of U.S. Patent No. 8,887,308

8.      William Grecia hereby realleges and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-7 above.

9.      William Grecia is the exclusive owner of the '308 patent, which is attached hereto as "Exhibit 1."

10.     The '308 patent is valid and enforceable.

11.     Claim 1 covers, "A process for transforming a user access request for cloud digital content into a computer readable authorization object . . . ." BNY Mellon's service, Tokenized Payments, infringes claim 1, transforming a user's email address, for example, into a

payment token that may be used to send and receive money safely.

12.     Claim 1 involves, "receiving an access request for cloud digital content through an apparatus in process with at least one CPU, the access request being a write request to a data store, wherein the data store is at least one of: a memory connected to the at least one CPU; a storage connected to the at least one CPU; and a database connected to the at least one CPU through the Internet; wherein the access request further comprises verification data provided by at least one user, wherein the verification data is recognized by the apparatus as a verification token . . . ." Tokenized Payments receives a write request for access to Zelle cloud digital financial account data through a CPU to write a Zelle "token" (i.e., a "computer readable authorization object") to storage. This write request is the BNY Mellon customer registering his email address or mobile telephone number with the Tokenized Payments service. The customer's email address or mobile telephone number is the "verification token."

13.     Next, claim 1 involves "authenticating the verification token of (a) using a database recognized by the apparatus of (a) as a verification token database . . . ." BNY Mellon's Tokenized Payments service has a database that BNY Mellon uses to authenticate a user's email address or mobile telephone number.

14.     Claim 1 involves "establishing an API communication between the apparatus of (a) and a database apparatus, the database apparatus being a different database from the verification token database of (b) wherein the API is related to a verified web service, wherein the verified web service is a part of the database apparatus, wherein establishing the API communication requires a credential assigned to the apparatus of (a), wherein the apparatus assigned credential is recognized as a permission to conduct a data exchange session between the

apparatus of (a) and the database apparatus to complete the verification process, wherein the data exchange session is also capable of an exchange of query data, wherein the query data comprises at least one verified web service account identifier . . . ." Tokenized Payments establishes a connection to the Zelle service database that is related to the Zelle services API. This connection is established with a credential assigned to BNY Mellon's service (e.g., Participant ID, Partner ID). The Zelle service database is a different database than the database BNY Mellon uses to authenticate the user's registered email address or mobile telephone number.

15. Claim 1 next involves "requesting the query data, from the apparatus of (a), from the API communication data exchange session of (c), wherein the query data request is a request for the at least one verified web service identifier; then e) receiving the query data requested in (d) from the API communication data exchange session of (c) . . . ." The Tokenized Payments service infringes claim steps d) and e) when the Zelle service database returns the CXCTokens requested. The claimed credential required RESTful API operation call is https://<servername:serverport>/fxh/svc/cxctokens/{key}. After BNY Mellon authenticates the user's email address or telephone number (i.e., verification token), BNY Mellon infringes by establishing a connection to the Zelle service database related to the Zelle services API with an assigned credential (e.g., Participant ID, Partner ID). The Zelle web service is a "part" of the FTM database, and the FTM database infringes because the FTM database is a different database than the BNY Mellon Tokenized Payments verification token database. The Zelle database is a different database than the verification token database that BNY Mellon uses to authenticate the user's telephone number or email address.

16. Lastly, claim 1 involves "creating a computer readable authorization object by

-4-

writing into the data store of (a) at least one of: the received verification data of (a); and the received query data of (e); wherein the created computer readable authorization object is recognized by the apparatus of (a) as user access rights associated to the cloud digital content, wherein the computer readable authorization object is processed by the apparatus of (a) using a cross-referencing action during subsequent user access requests to determine one or more of a user access permission for the cloud digital content." Tokenized Payments infringes claim step f) by creating a computer readable authorization object by writing the "enrolled" BNY Mellon Tokenized Payments verification data of a) and the "enrolled" Zelle query data received in e) into the Tokenized Payments data storage. The Tokenized Payments authorization object is used in subsequent requests for access to Zelle privileged financial data to "send money" using a cross reference action between the Tokenized Payments data store and the Zelle web service to determine (e.g., the tokenStatus String) an access permission to the Zelle privy financial data.

### Prayer for Relief

WHEREFORE, William Grecia prays for the following relief against BNY Mellon:

(a)     Judgment that BNY Mellon has directly infringed claim 1 of the '308 patent;

(b)     A reasonable royalty;

(c)     Pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d)     Post-judgment injunction; and

(e)     Such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

William Grecia demands a trial by jury on all matters and issues so triable.

Date: <u>March 29, 2019</u>                    Respectfully Submitted,

/s/ Matthew M. Wawrzyn
Matthew M. Wawrzyn (*pro hac vice*)
*matt@wawrzynlaw.com*
WAWRZYN & JARVIS LLC
2700 Patriot Blvd., Suite 250
Glenview, IL 60026
847.656.5864