USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WILLIAM GRECIA,

                                Plaintiff,

            -against-

BANK OF NEW YORK MELLON
CORPORATION,

                                Defendant.
--------------------------------------------------------------
WILLIAM GRECIA,

                                Plaintiff,

            -against-

CITIBANK, N.A.,

                                Defendant.
--------------------------------------------------------------
WILLIAM GRECIA,

                                Plaintiff,

            -against-

MORGAN STANLEY SMITH BARNEY LLC,

                                Defendant.
--------------------------------------------------------------
WILLIAM GRECIA,

                                Plaintiff,

            -against-

TIAA, FSB d/b/a TIAA Bank,

                                Defendant.
--------------------------------------------------------------

19-CV-2810 (VEC)
19-CV-2811 (VEC)
19-CV-2812 (VEC)
19-CV-2813 (VEC)
19-CV-3278 (VEC)

ORDER

```
-------------------------------------------------------------- :
WILLIAM GRECIA,                                                :
                                                               :
                                        Plaintiff,             :
                                                               :
                        -against-                              :
                                                               :
SAMSUNG ELECTRONICS AMERICA, INC.,                             :
                                                               :
                                        Defendant.             :
--------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

On March 13, 2020, the Court entered an Opinion and Order granting Defendants' materially-identical motions to dismiss (the "Opinion") in the above-captioned cases. On March 27, 2020, Plaintiff filed a motion for reconsideration in each case. For the following reasons, Plaintiff's motions for reconsideration are DENIED.

A party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff first argues that the Federal Circuit's recent opinion in *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, 952 F.3d 1367 (Fed. Cir. Mar. 17, 2020), created intervening law that must change this Court's decision. Pl.'s Mot. at 7–10. The Court disagrees. At best, *Illumina* is potentially persuasive authority that Plaintiff would have been able to rely upon had it been decided earlier; but it does not rise anywhere near to a change in controlling law. Nor, for that

2

matter, is it particularly persuasive here. *Illumina* addressed whether the claims of two patents were directed to a phenomenon of nature, *see* 952 F.3d at 1371, not, as Plaintiff's claim was, an abstract idea. That difference matters. The *Illumina* court assessed whether the patents "claim[ed] the discovered natural phenomenon itself versus eligible subject matter that exploits the discovery of the natural phenomenon." *Id.* at 1372. The patents in *Illumina* purported to solve a problem—distinguishing and separating fetal DNA from the mother's DNA—through methods of preparation that exploited a natural discovery; the patents used "specific process steps—size discriminating and selectively removing DNA fragments that are above a specified size threshold—to increase the relative amount of fetal DNA as compared to maternal DNA in the sample." *Id.* It was important to the court that the process resulted in a "DNA fraction that is different from the naturally-occurring fraction in the mother's blood." *Id.* The issue and salient facts of *Illumina* are thus strikingly different from Plaintiff's claimed method addressing the problem of interoperable digital access. That method, among other significant differences, did not exploit a natural discovery or transform a natural phenomenon into something new.

Plaintiff also argues that the Court clearly erred by mistakenly substituting the construction for "verified web service" into "verified web service account identifier." Pl.'s Mot. at 9. This argument also does not warrant reconsideration. The mistaken substitution occurred in a footnote identifying, *inter alia*, an error in *Defendants'* characterization of Plaintiff's claim. *See* Opinion at 11–12 n.5. And that mistake was immaterial. The only pertinent point to that portion of the footnote was that the claim contained "a web service that is used to authenticate the identity of a user or device."[1] It did not matter which term that construction referenced. In

---

[1] The Court will issue an amended opinion correcting this error. The amended opinion will also revise the Court's statement that "Claim 1 covers any means of storing information reflecting (i) a user's permission to access digital content and (ii) the user's identity." *See* Opinion at 8. Because Claim 1 covers only those means of storing information using a computer, that statement—standing alone—is broader than what the Court intended and does not comport with the rest of the Opinion. Plaintiff's argument narrowly homing in on this statement does not reveal

any event, the Court correctly defined "verified web service" earlier in the Opinion, and that correct definition—used to inform the Court's summary and synthesis of the claimed method's steps—runs through the rest of the Opinion. *See* Opinion at 10 n.4.

Plaintiff lastly takes issue with the Court's analogy to an MP processing authorized access to a military base. Pl.'s Mot. at 10–12. The Court's non-dispositive, illustrative use of an analogy was not clear error. Moreover, Plaintiff misreads the analogy, and his evidence of a military procedure currently used for soldiers reporting to Fort Bliss is a non sequitur. Plaintiff's remaining arguments simply re-hash those presented in his opposition to the original motion, which the Court found meritless.

Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close all open motions in the above-captioned cases.

**SO ORDERED.**

Date:  **April 24, 2020**                 _____
       **New York, New York**             **VALERIE CAPRONI**
                                                                    **United States District Judge**

---

clear error. *See* Pl.'s Mot. at 8. Limiting the implementation of the abstract idea to computers does not convert it into patentable subject matter. *See* Opinion at 12–16 (quoting *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) and discussing cases).